IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – MESQUITE, et al., § § § | |
| Plaintiffs, § § | Civil Action No. 3:24-CV-3213-D |
| VS. § § | |
| CIGNA HEALTHCARE OF TEXAS, INC., et al., § § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs' motion to remand presents the question whether all of the claims that were completely preempted by ERISA[1] at the time of removal have dropped out of the case, and, if so, whether the court should remand the case to state court. Concluding that no remaining claim is completely preempted under ERISA and that the pertinent factors support remanding the case, the court grants the motion and remands this suit to state court.

I

Plaintiffs Prime Healthcare Services - Mesquite d/b/a Dallas Regional Medical Center and Dallas Medical Center, LLC d/b/a Dallas Medical Center (collectively, "Prime") are full-service acute care hospitals located in North Texas. Defendants Cigna Healthcare of Texas, Inc. and Cigna Health and Life Insurance Company (collectively, "Cigna") are insurance

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

companies that provide healthcare benefits to their members through various health insurance plans.

In November 2024 Prime sued Cigna in state court, seeking to recover full and fair payment for the out-of-network healthcare services it provided to 67 patients insured under healthcare plans issued and/or administered by Cigna. In its state-court petition, Prime alleged claims under Texas law for a determination of amounts due to an out-of-network healthcare provider, breach of contract, and declaratory judgment. Although Prime did not identify any individual patients or health benefit plans in its petition, it offered to "provide a spreadsheet of claims with patient-identifying information to Cigna's counsel upon their appearance." Pet. ¶ 13 n.1.

After it received notice of the lawsuit, Cigna asked Prime for a list of all claims for which Prime sought additional reimbursement. It then conducted a preliminary assessment of Prime's claims data and confirmed that several of the claims related to ERISA-governed health benefit plans. It promptly notified Cigna and, on December 23, 2024, removed the case to this court based on federal question jurisdiction, contending that at least some of the 67 healthcare benefit plans at issue were preempted by ERISA. Following removal, Cigna provided Prime a preliminary list of 14 total ERISA-governed claims that it had identified through its analysis of Prime's claims data.

On March 7, 2025 Prime filed a first amended complaint ("amended complaint") seeking full and fair payment for the medical services it had provided to "approximately 53 of Cigna's members." Am. Compl. ¶ 1. Prime alleges in the amended complaint that it "has

- 2 -

provided a spreadsheet of claims with patient-identifying information to Cigna's counsel," *id.* ¶ 11 n.1, and that "[t]he claims at issue in this lawsuit do not include any claims for healthcare services rendered to Cigna members under employer-sponsored health plans or other plans regulated under [ERISA]," *id.* ¶ 13. Prime also filed the instant motion to remand, contending on the basis of the amended complaint that there is "no longer any federal question at issue and no other reason why the state law claims advanced by Prime should be adjudicated in federal court." Ps. Br. (ECF No. 30-1) at 1. Cigna opposes the motion to remand, which the court is now deciding on the briefs, without oral argument.[2]

## II

The parties do not dispute that removal was proper at the time of removal based on Prime's original state-court petition. To decide Prime's motion to remand, the court must determine whether ERISA preempts any of the claims in the amended complaint and, if not, whether the court in its discretion should remand the case.

### A

Although the propriety of removal is usually determined by examining the case at the time of removal, *see Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 (5th Cir. 2021) (citation omitted), a district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction, and, in turn, to removal, have dropped out of the case. *See*

---

[2] Also pending are Cigna's March 11, 2025 motion to consolidate related actions and March 21, 2025 motion to dismiss. Because the court is remanding this case to state court, it need not decide either motion.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted by ERISA); *Reed v. Barnes*, 2025 WL 963072, at *4 (N.D. Tex. Mar. 31, 2025) (Fitzwater, J.). This is because a federal court has the duty "to examine [its] jurisdiction 'at every stage of the litigation.'" *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie-Mellon*, 484 U.S. at 350). Cigna, as the removing party, has the burden of overcoming an initial presumption against jurisdiction.[3]

B

To decide whether all federal-question claims have dropped out of the case, the court must determine whether any one or more of Prime's state-law claims are completely preempted by ERISA. Ordinarily, federal question jurisdiction is determined by the well-pleaded complaint rule, which holds that "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question

---

[3]Although the present procedural posture is slightly different from the ordinary motion to remand, it is a longstanding principle that the party seeking to invoke the court's jurisdiction has the burden of proof. *See, e.g.*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (stating in the context of motion to remand that the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum"); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (stating in context of Rule 12(b)(1) motion that "[t]he party asserting jurisdiction bears the burden of proof"). "There is no reason why a plaintiff's decision to amend [its] complaint after removal should transfer the burden from the party invoking jurisdiction to the party opposing jurisdiction." *Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *1 n.3 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.).

jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted). The well-pleaded complaint rule makes the plaintiff "the master of the claim; [it] may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. 386, 392 (1987).

But there are exceptions to the well-pleaded complaint rule, including an exception for complete preemption. Complete preemption applies when "Congress has 'so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Rodriguez*, 980 F.2d at 1017 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). A court is required to look beyond the face of the complaint to determine if federal law "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). In such cases, the state-law claims seeking relief must be characterized as claims arising under federal law, and therefore give rise to "federal question" jurisdiction. *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003) (en banc); *see also id.* at 516 ("[C]omplete preemption . . . 'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant."). The doctrine of complete preemption applies to certain claims preempted by ERISA. *See Metro. Life*, 481 U.S. at 66-67. If a plaintiff, "at some point in time, could have brought [its] claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the

[plaintiff]'s cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Thus when a plaintiff seeks to recover benefits denied contrary to the terms of an ERISA plan, its claim is completely preempted by ERISA's civil enforcement provisions. *See, e.g.*, *Meyers v. Tex. Health Res.*, 2009 WL 3756323, at *5-6 (N.D. Tex. Nov. 9, 2009) (Fitzwater, C.J.) (holding that breach of contract claim seeking wrongfully withheld ERISA benefits was completely preempted).

III

The question whether all federal question claims have dropped out of this case turns on whether Cigna has demonstrated that Prime's state-law claims are completely preempted by ERISA. The court holds that it has not.

A

In its response to Prime's motion to remand, Cigna maintains that at least two of Prime's 53 remaining breach of contract claims involve ERISA-governed health benefit plans; Prime's claims for additional compensation from those two ERISA-governed plans are completely preempted by ERISA[4]; and because the court has federal question jurisdiction over at least one of Prime's claims, it must deny Prime's motion to remand. Cigna also contends that Prime's "failed attempt" to plead itself out of federal court does not change the

---

[4]Cigna maintains that Prime's allegations easily satisfy both prongs of *Davila* because Prime is asserting claims pursuant to assignments that included any rights the patients would have to receive benefits under their respective plans, including those covered by ERISA, and for the two claims that relate to ERISA plans, Prime's breach of contract claims do not arise from any legal duty independent of the ERISA plans.

result because the court must consider the substance of the amended complaint rather than the legal conclusions in Prime's "jurisdictional disclaimer[.]" Ds. Br. (ECF No. 38) at 7, 8.

Prime replies that it is not bringing ERISA-governed claims in this lawsuit and has expressly disclaimed any ERISA claims in its amended complaint. It explains that "[f]ollowing Cigna's identification of 14 purportedly ERISA-governed plans, Prime removed them from this lawsuit via its First Amended Complaint[ a]nd, to ensure there was no dispute about other potential ERISA claims, Prime expressly disclaimed *all* ERISA claims in this suit." Ps. Reply (ECF No. 40) at 2.

B

Cigna has failed to demonstrate that Prime's amended complaint alleges a claim that is completely preempted under ERISA. As the court has already explained, Prime initially brought this action to recover for Cigna's alleged underpayment on 67 claims. After Cigna identified 14 claims that involved plans governed by ERISA, Prime amended its complaint to exclude these 14 claims, seeking to recover on the "*approximately* 53" remaining claims. *See* Am. Compl. ¶¶ 1, 11 (emphasis added). In addition, Prime expressly disclaimed "any claims for healthcare services rendered to Cigna members under employer-sponsored health plans or other plans regulated under [ERISA]." *Id*. ¶ 13.

Cigna's counsel states in his declaration that, when he "reexamined Prime's claims data," he "identified at least two additional ERISA-governed plans remaining in the 53 claims purportedly at issue in Prime's Amended Complaint." Young Decl. (ECF No. 38-1) at 2. But even assuming that it is true, as Cigna's counsel avers, that two of the 53 claims

on Prime's current spreadsheet of claims involve ERISA-governed plans, the amended complaint makes clear that Prime does *not* seek to recover for any alleged underpayment with respect to those two claims. By using the phrase "*approximately* 53," Prime has left open the possibility that it may seek to recover for *fewer* than 53 claims, as would be the case if two of the remaining 53 claims were, in fact, governed by ERISA.

To be clear, the court is *not* holding that Prime may pursue what must be raised as a federal claim (i.e., a claim completely preempted under ERISA) as a state-law claim in order to avoid federal jurisdiction. *Cf. Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 286 (5th Cir. 2007) (per curiam) (holding that plaintiff cannot avoid preemption simply by omitting references to ERISA plan in pleading); *Roark v. Humana, Inc.*, 2001 WL 585874, at *1 (N.D. Tex. May 25, 2001) (Fitzwater, J.) (A plaintiff "cannot circumvent the preemptive reach of ERISA by artful pleading."). But the court does recognize that, under the well-pleaded complaint rule, "the plaintiff [is] the master of the claim [and] may avoid federal jurisdiction by exclusive reliance on state law." *Hernandez Navarro v. Bell Helicopter Servs. Inc.*, 2001 WL 454558, at *1 (N.D. Tex. Jan. 25, 2001) (Fitzwater, J.) (quoting *Caterpillar Inc.*, 482 U.S. at 392); *see also id.* ("[E]ven if federal claims are available, the plaintiff may remain in state court by relying exclusively on state law."). Prime has chosen not to pursue recovery on any claims that involve ERISA-governed health benefit plans, and it has clearly indicated this choice in the amended complaint.

The court therefore concludes that Prime's amended complaint—which seeks full and fair payment only with respect to the claims listed on Prime's spreadsheet of claims that are

*not* completely preempted by ERISA—does not plead any claims that are completely preempted under ERISA and that all of the federal question claims have dropped out of the case.

IV

The court must next decide whether to exercise supplemental jurisdiction over the state-law claims.

Once the federal claims drop out of a case that has been removed based on federal question jurisdiction, the court has the discretion to remand the case. *See Carnegie-Mellon*, 484 U.S. at 357; *Giles*, 172 F.3d at 338-39 (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted). To determine whether to exercise jurisdiction or to remand, the court should balance "the statutory factors set forth by 28 U.S.C. § 1367(c)," "the common law factors of judicial economy, convenience, fairness, and comity," and the threat of "improper forum manipulation." *Enochs*, 641 F.3d at 159. The statutory factors are "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id*. (citing 28 U.S.C. § 1367(c)). While forum manipulation should be considered, the courts have repeatedly held that amending a complaint to delete all federal claims is not a pernicious forum manipulation. *See, e.g.*, *Giles*, 172 F.3d at 340 (stating it is not improper forum manipulation to delete federal claims). This is because "plaintiffs get to pick their forum and pick the claims they

want to make unless they are blatantly forum shopping." *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).

The statutory factors support remanding the case. Although the remaining state-law claims do not raise novel or complex issues of state law, the state claims substantially predominate because no federal claims remain, and the federal claims have been dismissed.

Additionally, there is a compelling reason to remand the case because of the "heavy balance of the common law factors in favor of remand." *Enochs*, 641 F.3d at 159. "In deciding whether to remand the case, the court must consider the interests of judicial economy, fairness, convenience, and comity." *Johnson v. Dall. Indep. Sch. Dist.*, 2008 WL 4508044, at * 1 (N.D. Tex. Oct. 7, 2008) (Fitzwater, C.J.). As now framed, this lawsuit presents state-law claims that should be decided by a state court; the remand is occurring relatively shortly after the case was removed and before the parties have incurred substantial expenses for services that will not apply to litigation in state court; and Prime is not seeking to avoid an adverse ruling on the merits in this court. A remand would best promote values of economy, convenience, fairness, and comity.

Finally, the court concludes that there is no threat of improper forum manipulation.

Accordingly, after considering all of the factors, the court sees no reason to depart from the general rule that it should decline to exercise supplemental jurisdiction and remand the state-law claims.

\* \* \*

For the reasons explained, the court grants Prime's motion to remand and remands this case to the 134th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED**.

May 14, 2025.

                                                                           _____
                                                                           SIDNEY A. FITZWATER
                                                                           SENIOR JUDGE